Argued and submitted October 29, 1997, reversed and remanded for new trial February 4, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## RYAN MENAUGH,
*Appellant.*

(96-07-45308; CA A95194)

954 P2d 177

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Rossman, Senior Judge.

ROSSMAN, S. J.

## ROSSMAN, S. J.

In this district court criminal case involving an altercation between defendant and a former girlfriend at defendant's apartment, defendant appeals his conviction of assault in the fourth degree, contending that the trial court erred in failing to give his requested instruction on the defense of premises.[1] The state concedes that defendant was entitled to the instruction and that it was error to refuse to give it but argues that the error was harmless and does not require reversal. We do not agree with the state's characterization of the error, and we reverse and remand for a new trial.

At trial, defendant relied on two defenses: (1) defense of property, involving the victim's taking of photographs belonging to defendant, and (2) defense of premises, involving the victim's refusal to leave the apartment after defendant told her to do so and tried to call the police. Although the trial court gave the instruction on defense of property, it concluded that there was no evidence that defendant reasonably believed a criminal trespass was occurring and thus rejected the defense of premises instruction. The state concedes that the evidence entitled defendant to a defense of premises instruction. It contends, however, that—according to defendant's own testimony—the facts giving rise to defense of property and defense of premises occurred contemporaneously. Therefore, the state reasons, given the jury's guilty verdict, it is clear that defendant's claim of defense of property was rejected and that "[t]here is no reason to believe that the jury nonetheless would have accepted [defendant's] claim of defense of premises."

---

[1] "The defense of defense of premises has been raised.

"A person in lawful possession or in control of premises is justified in using physical force on a person who he reasonably believes to be committing a criminal trespass in or upon the premises. However,

"(1) He may do so only when he reasonably believes it to be necessary to prevent or terminate the trespass; and

"(2) He may only use that amount of physical force that he reasonably believes is necessary to prevent or terminate the trespass.

"The burden of proof is on the state to prove beyond a reasonable doubt that the defendant did not act in defense of the premises." Uniform Criminal Jury Instruction No. 1112.

We reject that reasoning. Defendant is asserting two defenses based on different legal elements and factual considerations and involving different protected interests. In one, defendant asserts that he was protecting his personal property from being physically taken by another and, in the other, that he was protecting his premises from trespassing by another. Simply because the jury did not accept defendant's testimony regarding one defense does not mean that he was not entitled to have the jury consider the other defense. Here, there was evidence from which the jury could find a premises defense. The error is not harmless.

Reversed and remanded for new trial.